## Charles Robitaille and Freola Robitaille v. Herbert Rubin and Lucille Rubin

[615 A.2d 1025]

No. 91-440

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed July 17, 1992

Motion for Reargument Denied September 3, 1992

*Geoffrey W. Crawford* of *O'Neill and Crawford,* Burlington, for Plaintiffs-Appellants.

*William D. Robinson,* Colchester, for Defendants-Appellees.

*Jeffrey L. Amestoy,* Attorney General, and *Mark J. Di Stefano,* Assistant Attorney General, Montpelier, for amicus curiae State.

**Allen, C.J.** Plaintiff-sellers appeal from a judgment granting defendant-purchasers' motion for a directed verdict in an action for breach of a purchase and sale contract. The trial court concluded that plaintiffs' failure to show defendants a copy of an Act 250 land use permit, pursuant to a condition of the permit, constituted grounds for a per se right of rescission. We reverse and remand.

In July 1989, the parties entered into a purchase and sale agreement for the conveyance of plaintiffs' house in the St. Albans Hills development in the Town of St. Albans. The development was subject to a land use permit which was granted by District Environmental Commission #6 to Poquette & Bruley, Inc., the original subdividers of the development. The land use permit contained the following condition:

> 15. Each prospective purchaser of any lot shall be shown a copy of the approved plot plan, the Certification of Compliance, and the Land Use Permit before any written contract of sale is entered into.

Defendants were not shown a copy of the land use permit by plaintiffs or their real estate agents. Closing did not occur as scheduled, and defendants sent a letter to plaintiffs purporting to cancel the purchase and sale agreement. Defendants asserted plaintiffs' failure to provide them with a copy of the land use permit as one reason for their action.

Plaintiffs sued defendants for breach of the purchase and sale agreement. At the conclusion of plaintiffs' case, defendants moved for a directed verdict, and the trial court granted the motion. The court held that plaintiffs' failure to show defendants the Act 250 land use permit prior to entering the purchase and sale agreement provided defendants an automatic right to rescind the contract. We disagree.

Nothing in the land use permit or Act 250 addresses the effect of a permittee's failure to comply with permit conditions on private contracts for the sale of affected property. We have held that "[w]here no penalty has been imposed by the Legislature, we will not adjudicate one into existence." *Vermont Development Credit Corp. v. Kitchel*, 149 Vt. 421, 430, 544 A.2d 1165, 1170 (1988). The Legislature created a rescission remedy in only one section of Act 250, 10 V.S.A. § 6007. While this section does not apply to the instant case, it illustrates that the Legislature knew how to provide for a rescission remedy if it chose to do so. *In re Spencer*, 152 Vt. 330, 340, 566 A.2d 959, 965 (1989). The absence of a similar provision for enforcing permit conditions demonstrates the Legislature's intent not to provide for rescission. *Id.*

When a party to a contract violates a rule governing the contract, we will refuse to enforce the contract in the absence of an enumerated remedy "only if the violation somehow taints the agreement or makes its enforcement unfair." *MacDonald v. Roderick*, 158 Vt. 1, 7, 603 A.2d 369, 373 (1992) (violation of Real Estate Commission rules governing the content of a listing agreement will bar recovery of a commission only if the violation taints the parties' agreement). Therefore, defendants are entitled to relief for the violation of condition 15 only if defendants were prejudiced by the violation. Because the trial court granted defendants' motion for a directed verdict at the close of plaintiffs' case, defendants had no opportunity to show that they were prejudiced. We therefore remand this cause for the trial court's determination of whether plaintiffs' failure to comply with condition 15 tainted the agreement or makes its enforcement unfair.

*Reversed and remanded for proceedings not inconsistent with this opinion.*